UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAMANDA FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>THE CITY OF CONCORD, et al.,<br><br>    Defendants. | Case No. 15-cv-05244-KAW<br><br>**REPORT AND RECOMMENDATION; ORDER REASSIGNING CASE** |

## I.   INTRODUCTION

Rosamanda Flores ("Plaintiff") commenced this action against the City of Concord ("City") and unnamed officers on November 16, 2015. (Compl., Dkt. No. 1.) She asserts § 1983 claims for violation of her Fourth Amendment rights to be free from excessive force and unreasonable seizures as well as state law claims for assault, battery, negligence, false imprisonment, and violation of the Tom Bane Civil Rights Act, California Civil Code section 52.1. (*See id.*) Plaintiff also seeks leave to proceed in forma pauperis. (IFP Apps., Dkt. Nos. 2, 3.) On January 13, 2016, Plaintiff declined to proceed before the undersigned. (Pl.'s Declination, Dkt. No. 9.) Accordingly, the undersigned now issues this report and recommendation and directs the Clerk to reassign this case to a district judge.

## II.   DISCUSSION

### A.   Plaintiff's applications to proceed in forma pauperis

When Plaintiff filed her complaint in this case on November 16, 2015, she also filed an application to proceed in forma pauperis, which she signed under penalty of perjury. (IFP App., Dkt. No. 2.) On November 20, 2015, the Court denied the application with leave to amend because the application was incomplete. (Nov. 20, 2015 Order, Dkt. No. 5.) Plaintiff did not fully

answer question numbers 2a, 2e, and 7.[1]  (*Id.* at 1.)  The Court also noted that other parts of the application may have also been incomplete, as Plaintiff reported no financial resources, yet stated that her monthly expenses included $1,220 for rent, $200 for food, and $150 for utilities.  (*Id.* at 1.)  The Court gave Plaintiff until December 21, 2015 to file an amended application or pay the filing fee.  (*Id.* at 2.)

In her amended application,[2] which Plaintiff also signed under penalty of perjury, Plaintiff now reports different information.  (2d IFP App., Dkt. No. 6.)  The current application indicates that she pays $0 for rent, food, utilities, and clothing.  (*Id.* at 3.)  This contradicts the figures reported in Plaintiff's previous application.  (*See* IFP App. at 3.)

The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a)(1).  Due to the discrepancies between Plaintiff's applications, the undersigned is not satisfied that Plaintiff has made the requisite showing and recommends that the district judge defer ruling on Plaintiff's application until Plaintiff files a declaration explaining the discrepancies discussed above.  In the event the district judge finds that Plaintiff meets the financial eligibility criteria for in forma pauperis status, the undersigned recommends that the district judge order service of the complaint for the reasons set forth immediately below.

**B.     Review under 28 U.S.C. § 1915(e)(2)**

In her complaint, Plaintiff asserts a § 1983 claim for violation of her Fourth Amendment right to be free from excessive force, § 1983 claim for violation of her Fourth Amendment right to be free from unreasonable seizures, and state law claims for battery, assault, negligence, false imprisonment, and violation of the Bane Act.  (*See* Compl.)

---

[1] Plaintiff did not fully complete question 7 on her amended application either, as she did not indicate whether she "own[s] any cash."  2d IFP App at 3.

[2] The amended application was filed on December 24, 2015, after the December 21, 2015 deadline.

2

Plaintiff alleges that on the night of March 17,[3] she and her partner, Nashuan Stephens, were at a friend's house, when a sort of altercation erupted. (*Id.* ¶¶ 5-6.) An occupant of the residence called the police; then, upon learning that Stephens had left, she telephoned again "and told them that everything was fine and that they did not have to come out." (*Id.* ¶ 9.)

Concord police arrived anyway. (*Id.* ¶ 10.) At the time, Stephens had re-entered the friend's residence, and Stephens, having been involved in the dispute, was arrested. (*Id.* ¶ 11.) Plaintiff began to cry and went to the bathroom to "get her composure". (*Id.* ¶ 12.) Plaintiff's friend knocked on the door and informed her that the police wanted to speak with her; she asked them to give her a minute. (*Id.* ¶ 13.)

The police, allegedly acting without the homeowner's consent, entered the house, made their way to the bathroom Plaintiff was occupying, and asked her to come out. (*Id.* ¶ 15-17.) When she did, "[t]he Police then abruptly grabbed the Plaintiff by her arms and violently twisted her arms behind her back and began dragging her outside the front door." (*Id.* ¶ 20.) They "proceeded to drag the Plaintiff 20 feet across the lawn located in front of the property and onto asphalt were [*sic*] their police cars were located." (*Id.* ¶ 23.) The officers "then lifted the Plaintiff off the ground to where her feet could not touch the ground and slammed her on to [*sic*] ground injuring her knees." (*Id.* ¶ 24.) The officers also lifted Plaintiff off the ground a second time such that "her feet could not touch the ground," and they "slammed her on to [*sic*] ground face first, injuring her face." (*Id.* ¶ 25.) While the officers slammed Plaintiff on the ground face first, one of them "got on top of [her,] placing his knee in her back and handcuffed her." (*Id.* ¶ 27.)

For the purposes of reviewing the complaint under 28 U.S.C. § 1915(e)(2), which the court must do where a plaintiff is found to be indigent and is granted leave to proceed in forma pauperis, courts must engage in a preliminary screening and dismiss any claims which: (1) are frivolous and malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a plaintiff fails to state a claim, the court assumes that all factual allegations in the complaint are

---

[3] Plaintiff does not specify the year in which the events occurred.

true. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).  However, "the tenet that a court must accept a complaint's allegations as true is inapplicable to . . . mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).  The pertinent question is whether the factual allegations, assumed to be true, "state a claim to relief that is plausible on its face." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

Here, Plaintiff alleges sufficient facts to state a claim upon which relief can be granted. Taking as true her allegations that she, without provocation, was slammed to the ground, dragged, and pushed face first into the ground, the use of force Plaintiff describes would be unreasonable. This would give rise to a § 1983 claim for violation of her Fourth Amendment right to be free from excessive force, and state law claims for battery, assault, and negligence,[4] the viability of which turn on the reasonableness of the officers' use of force.  *See Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1009 (N.D. Cal. 2014); *Knapps v. City of Oakland*, 647 F. Supp. 2d 1129, 1169 (N.D. Cal. 2009), amended in part (Sept. 8, 2009); *Holland v. City of San Francisco*, No. C10-2603 TEH, 2013 WL 968295, at *4 (N.D. Cal. Mar. 12, 2013).  Plaintiff's common law tort claims are also viable as asserted against the City.  Because the officers would not enjoy immunity for any unreasonable use of force, California Government Code section 815.2, as referenced in the complaint, would expose the City to liability for actions taken by its officers in the scope of their employment.  *See Scruggs v. Haynes*, 252 Cal. App. 2d 256, 267 (1967) (police officer does not have discretionary act immunity from liability for the use of unreasonable force in making an arrest); *see also* Cal. Gov't Code §§ 815.2, 820.8.

Plaintiff has similarly alleged sufficient facts to state a § 1983 claim for violation of her Fourth Amendment right to be free from unreasonable seizures and a state law claim for false imprisonment.  "An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under § 1983." *Bass v. City of Fremont*, C12-4943 TEH, 2013 WL 891090, at *3 (Mar. 8, 2013) (citing *Harper v. City of Los Angeles*, 533 F.3d 1010, 1022 (9th Cir.

---

[4] Plaintiff also alleges that she submitted a tort claim form to the City, which was denied on August 4, 2015.  Compl. ¶ 31.  Thus, Plaintiff has properly alleged compliance with the California Tort Claims Act.  *See* Cal. Gov't Code §§ 945.4, 950.2.

2008)). False arrest or false imprisonment under California law is "the unlawful violation of the personal liberty of another." Cal. Penal Code § 236. Plaintiff's allegations that she was arrested upon exiting the bathroom, without having committed any crime, support her claim that the officers did not have probable cause to arrest her. This is sufficient to state a § 1983 claim for unreasonable seizure and a state law claim for false imprisonment. As California law does not grant police officers governmental immunity for false arrest or false imprisonment, the City may also be held liable for the officers' actions pursuant to California Government Code section 815.2, which Plaintiff refers to in her complaint. *See* Cal. Gov't Code §§ 815.2, 820.4.

Plaintiff has also stated a viable Bane Act claim. Section 52.1 of the California Civil Code, which codifies the Tom Bane Civil Rights Act, provides a private right of action for damages against any person who "interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state." Cal. Civil Code § 52.1(a). Plaintiff alleges she reasonably believed that upon exercising her right to be free from unlawful detention, the officers would commit violence against her. (Compl. ¶ 61.) She also alleges that the officers did commit violent acts against her to prevent her from exercising her right to be free from "unlawful detainment." (*Id.* ¶ 62.) These allegations state a plausible claim for relief under the Bane Act, from which the defendant officers would not be immune. *See Bender v. Cty. of Los Angeles*, 217 Cal. App. 4th 968, 981 (2013) (arrest without probable cause accompanied by beating and pepper spraying of unresisting arrestee violated Bane Act); *cf. Knotts v. Carreira*, 511 Fed. App'x 665, 666 (9th Cir. 2013) (officers immune from liability for false imprisonment and for Bane Act claim based on false arrest and imprisonment where, at the time of the arrest, the officers had reasonable cause to believe the arrest was lawful).

### III. CONCLUSION

For the reasons set forth above, the undersigned recommends that the district judge defer ruling on Plaintiff's application to proceed in forma pauperis until Plaintiff files a declaration explaining the discrepancies between the two applications she submitted in this case. If the

5

district judge finds that Plaintiff qualifies for in forma pauperis status, the undersigned further recommends that the district judge direct the Clerk to issue summons and order the U.S. Marshal for the Northern District of California to serve, without prepayment of fees, a copy of the complaint, any amendments, scheduling orders, attachments, plaintiff's affidavit, and the order regarding service upon the defendant.

Any party may file objections to this report and recommendation with the district judge within fourteen days after being served with a copy.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *IBEW Local 595 Trust Funds v. ACS Controls Corp.*, No. C-10-5568 EDL, 2011 WL 1496056, at *3 (N.D. Cal. Apr. 20, 2011).

IT IS SO RECOMMENDED.

Dated: 02/04/2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge