UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSAMANDA FLORES,

    Plaintiff,

v.

THE CITY OF CONCORD,

    Defendant.

Case No. 15-cv-05244-TEH

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

This matter came before the Court on June 5, 2017 for a hearing on Plaintiff's motion for leave to file an amended complaint. After carefully considering the parties' written and oral arguments, the Court GRANTS Plaintiff's motion for the reasons set forth below.

**BACKGROUND**

This action arises out of an incident that occurred in the early hours of March 18, 2015, when City of Concord police officers allegedly dragged Plaintiff Rosamanda Flores ("Plaintiff" or "Flores") out of her home, slammed her on the ground twice, and unlawfully arrested her. Compl. at ¶¶ 5-28 (ECF No. 1). Plaintiff filed her original complaint on November 16, 2015 against the City of Concord and unnamed Concord Police Department ("CPD") officers listed as Doe Defendants 1-50. The complaint asserts Section 1983 claims for violation of her Fourth Amendment rights to be free from excessive force and unreasonable seizures, as well as state law claims for battery, assault, negligence, false imprisonment, and violation of the Tom Bane Civil Rights Act. *Id.* at ¶¶ 32-64.

On May 5, 2016, Defendant City of Concord ("City") served Plaintiff with its initial disclosures, which included the names of four police officers who the City stated had pertinent information: Officers Halm, Kindorf, Tucker and Davis. Ex. A to Defs.' Opp'n (ECF No. 52-1). On July 6, 2016, Defendants produced to Plaintiff an offense report

prepared by Officer Halm on the night of the incident. Ex. B to Defs.' Opp'n (ECF No. 52-1). The report indicates that Officer Halm responded to a call about a disturbance, arrested Plaintiff's partner on suspicion of domestic violence, and then arrested Plaintiff herself when she refused to comply with his requests for identification and statement. *Id.* It also indicates that Officer Kindorf photographed Plaintiff and her partner in the jail. *Id.* at 4. The last two pages of the report include medical screening checklists signed by Officers Davis and Tucker. *Id.* at 5-6.

On September 26, 2016, Plaintiff's counsel advised the Court in a case management statement that he planned to depose at least two witnesses and seek leave to file an amended complaint to substitute the names of the Doe Defendant officers with their true names. Updated Joint Statement at 2 (ECF No. 31). In an email dated October 18, 2016, Defendants' counsel restated the names and roles of the CPD officers involved in the incident: "Ofc. Kindorf was a cover officer who took photographs at the scene, and officers Tucker and Davis transported Plaintiff and Ms. Stephens to the hospital. Ofc. Halm was the only officer who placed Plaintiff in handcuffs." Ex. C to Defs.' Opp'n (ECF No. 52-1).

On April 24, 2017, nearly one year after first learning their names, Plaintiff moved for leave to file an amended complaint in order to substitute Officers Halm, Kindorf, Tucker and Davis for four of the Doe Defendants. Mot. at 2 (ECF No. 50). She also seeks to assert two additional legal theories of how her injuries were caused, specifically that the officers violated her rights by (a) acting as integral participants and (b) failing to intervene. Defendants timely opposed the motion. Opp'n (ECF No. 52). Plaintiff filed an untimely reply ten days after the scheduled deadline.[1] Reply (ECF No. 53).

---

[1] At oral argument Plaintiff's counsel apologized to the Court and explained that he had mistakenly followed the filing deadlines of the Eastern District of California.

2

**LEGAL STANDARD**

Pursuant to Rule 15(a), a party may amend a pleading once as a matter of course; subsequently, it may only amend after obtaining leave of the Court, or by consent of the adverse party. Fed. R. Civ. P. 15(a). Rule 15 advises the Court that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (quotation omitted). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Of these so-called *Foman* factors, prejudice is the weightiest and most important. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Evaluation of the *Foman* factors "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

**DISCUSSION**

Defendants oppose Plaintiff's request for leave to amend on the grounds that it is unduly delayed, performed in bad faith, prejudicial and futile. The core fact they rely on is that Plaintiff has known the identities of the officers involved in her arrest since May 5, 2016 and yet she failed to conduct the discovery needed to identify their roles and timely amend her complaint. This delay, they argue, is caused by Plaintiff's counsel's lack of diligence in pursuing discovery and prosecuting the case.

3

Plaintiff's counsel contends that he needed time to learn facts from witnesses and from Plaintiff herself before making the decision to seek leave to amend. He relies on clearly established law holding that "undue delay by itself […] is insufficient to justify denying a motion to amend." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999). Without evidence of bad faith or undue prejudice, he argues, the motion must be granted.

In exercising its discretion, the Court is guided by the underlying purpose of Rule 15(a)—"to facilitate decision on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Plaintiff's delay in pursuing amendment in this case is undue and unjustified; her counsel deserves to be admonished and warned that further delays will not be tolerated. And yet, as discussed below, the Court finds that the evidence of bad faith, prejudice, and futility presented here is insufficient to overcome the presumption in favor of granting leave to amend.[2]

### I. Undue Delay

Courts have found undue delay when "a party has filed a motion for leave to amend long after it should have become aware of the information that underlies the motion." *IXYS Corp. v. Advanced Power Tech., Inc.,* No. 02-3942, 2004 WL 135861, at *4 (N.D. Cal. Jan. 22, 2004) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990)). What constitutes "long after" lies in the discretion of the Court and depends, in part, on the moving party's ability to provide a reasonable explanation for the delay.

The record here supports a finding of undue delay. Defendants released the names of the four officers involved in the incident in their initial disclosures on May 5, 2016. Subsequently, on July 6, 2016, they produced a police report, which described the roles of Officers Halm and Kindorf, as well as two medical checklists signed by Tucker and Davis.

---

[2] The Ninth Circuit has held that "only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Howey v. United States*, 481 F.2d 1187, 1191 (9th Cir. 1973) (reversing a district court's decision to deny leave solely on an unjustified delay of five years); *see also Webb*, 655 F.2d at 980.

4

Ex. B to Defs.' Opp'n (ECF No. 52-1). At this point, Plaintiff had access to enough information to seek leave to amend. Plaintiff's counsel acknowledged so himself when he stated on September 26, 2016 that he was planning on seeking leave to substitute the names of the four officers. Updated Joint Statement at 2 (ECF No. 31). And yet he waited eight months until April 24, 2017 to actually make that request. If, as Plaintiff's counsel contends, he needed time to conduct a "careful investigation" and "ensure that the correct parties are named" before seeking leave, he should have deposed the four officers. Goff Decl. in Support of Mot. ¶ 7 (ECF No. 53-1).

Defendants analogize the present case to *Maldonado v. City of Oakland*, No. 01-1970, 2002 WL 826801 (N.D. Cal. Apr. 29, 2002). Plaintiff is correct that the two cases are distinguishable in that *Maldonado*'s record provided more reasons for denial of leave to amend. In *Maldonado*, the plaintiff sought leave to name individual officers as parties to his complaint after defendant's motion for summary judgment had been noticed and briefed. *Id*. at *5. Maldonado acknowledged that his *Monell* claim would likely be dismissed on summary judgment and admitted that amendment would be the "only means for the case to go forward." *Id*. The court denied his motion for leave to amend, emphasizing that amendment is not a way to circumvent summary judgment and cure the deficiencies of a complaint that would otherwise be dismissed. *Id*. at *5-6. In contrast here, Plaintiff is seeking leave to amend before any dispositive motions have been filed and before Defendants have spent the resources needed to pursue summary judgment.

Finding undue delay, the Court turns to the more significant part of the analysis: whether the nonmoving party has shown evidence of bad faith or undue prejudice. *Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) ("Ordinarily, leave to amend pleadings should be granted regardless of the length of time of delay by the moving party absent a showing of bad faith by the moving party or prejudice to the opposing party").

**II. Bad Faith**

"Bad faith may be shown when a party seeks to amend late in the litigation process

5

with claims which were, or should have been, apparent early." *Mendia v. Garcia*, 165 F. Supp. 3d 861, 873 (N.D. Cal. 2016) (citing *Bonin v. Calderon*, 59 F.3d 815, 846 (9th Cir. 1995)). Generally courts require more than unexcused delay: there must be evidence in the record that a party acted with a dilatory motive, intention to cause undue delay, or the goal of otherwise obstructing the litigation process. *See e.g.*, *Hernandez v. DMSI Staffing, LLC.*, 79 F. Supp. 3d 1054 (N.D. Cal. 2015), *aff'd* 2017 WL 631692 (9th Cir. 2017) (employee denied leave to amend where she appeared to be forum-shopping); *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981) (denial on grounds of bad faith appropriate where party moving to amend pleadings first presented a theory difficult to establish but favorable and, only after that failed, sought to add a less favorable theory).

Defendants have not made a strong showing of bad faith in the present case. They argue Plaintiff has failed to respond timely to discovery requests and has failed to conduct her own discovery. These failures are troubling but insufficient to establish bad faith on the record at hand. Evidence of lack of diligence here does not support a finding of wrongful motive or intentional obstruction. Plaintiff has participated in ADR discussions, attended hearings, and overall managed to continue prosecuting her case, although with serious delays.

### III. Undue Prejudice

Prejudice to the opposing party is the most important factor in deciding whether leave to amend should be granted. *Eminence Capital, LLC*, 316 F.3d at 1052. "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1085 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). The Ninth Circuit has found such "substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id*. "A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a

6

delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). Prejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred. *See DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187-88 (9th Cir. 1987).

Although Defendants may suffer some prejudice if Plaintiff amends the complaint, the Court cannot conclude that this prejudice would be undue. Contrary to Defendants' assertion, the amendments sought would not alter the nature of the litigation. Defendant City has known from the date it was served that Plaintiff's injuries were caused by individual CPD officers. Defendants were aware that sooner or later Plaintiff would seek leave to add the names of the responsible officers. The circumstances here are distinguishable from those in *Chau Van v. City of Oakland*, which Defendants rely on, because discovery has not yet closed, summary judgment motions have not been filed, and the case is not on the brink of final adjudication. No. 13-0992, 2015 WL 995127, at *10 (N.D. Cal. Mar. 4, 2015).

When asked to specify exactly how they would be prejudiced, Defendants indicated that amendment would lead to extended discovery, which would in turn require that they dedicate more time and work to this case. Although this is their strongest argument, it does not carry enough weight to compel denial of the motion for leave to amend. *See e.g.*, *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529 (N.D. Cal. 1989) (fact that allowing plaintiff to amend pleading might require defendant to depose numerous witnesses across country and might necessitate additional document searches and written discovery resulting in delay does not constitute undue prejudice to defendant warranting denial of plaintiff's motion to amend.) This is especially true here where a short discovery extension should give enough time to both parties to complete discovery. Plaintiff claims he needs just three weeks to depose the four officers. Defendants assert that they need more than three weeks to propound discovery on Plaintiff regarding the new defendants and new legal theories. In order to facilitate the smooth and effective completion of discovery for both parties, and with good cause shown, the Court finds it appropriate to modify the

7

1 scheduling order, as outlined below, and extend discovery by six weeks until August 14,

2 2017. Such a change to the scheduling order, though inconvenient to Defendants, does not

3 in this case amount to substantial or undue prejudice.

### IV. Futility of Amendment

A motion for leave to amend may be denied if it appears to be futile or legally insufficient. *See Bonin*, 59 F.3d at 845. The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6). *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Defendants argue that the proposed FAC fails to state federal and state law claims upon which relief may be granted because it does not allege how each individual officer violated Plaintiff's rights. Defendants are correct that the Officers Halm, Kindorf, Tucker and Davis are referenced only once in the "Parties" section and once in the "Factual Allegations." Proposed FAC ¶¶ 2-5, 14 (ECF No. 50-2). The proposed FAC does not specify which officer played what role in the altercation; it simply states that "Defendant Officers" committed the various acts which caused Plaintiff's injuries. *Id*. ¶¶ 1-35.

The FAC, as currently proposed, would indeed be subject to dismissal on a motion to dismiss because it does not plead a claim that is plausible on its face. It is not facially plausible that all four officers engaged in the exact same conduct: all four of them personally dragged Plaintiff through the house (*Id*. ¶ 24), slammed her on the ground (*Id*. ¶¶ 28, 29), and placed her in handcuffs (*Id*. ¶ 31). To state a claim under Section 1983, Plaintiff must plead facts showing how each defendant performed "an affirmative act, participate[d] in another's affirmative acts, or omit[ted] to perform an act which he [was] legally required to do that *cause[d]* the deprivation of which [Plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 632-33 (9th Cir. 1988) (quoting *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978)) (emphasis in original). Defendants may have personally committed the constitutional violation or acted as "integral participants" by supporting the

8

commission of the violation. *Chuman v. Wright,* 76 F.3d 292, 294-95 (9th Cir.1996). Either way, Plaintiff must plead facts showing "fundamental involvement" in the conduct that caused the violation; she may not rely on mere labels and conclusions. *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007); *see also Boyd v. Benton Cty.*, 374 F.3d 773, 780 (9th Cir. 2004).

Having carefully reviewed the record in this case, the Court finds that amendment would not be futile because Plaintiff has access to enough information to make specific allegations against each officer. Defendants do not dispute that Officers Halm, Kindorf, Tucker and Davis have in some manner been involved in Plaintiff's arrest and subsequent detention. The police report Plaintiff received through discovery describes the actions of Officers Halm and Kindorf. Ex. B to Defs.' Opp'n (ECF No. 52-1). If Plaintiff remembers that four officers came to her house, instead of just one as implied by the report, she can directly allege so based on her own observation and recollection. If she does not know which officer committed what action, that fact could be expressed in the complaint. *See e.g.*, *DeLuca v. County of Los Angeles*, No. 15-0344, 2015 WL 4451420 at *4 (C.D. Cal. July 20, 2015). Once Plaintiff completes discovery, she would be able to clarify each officer's role in the abuse she suffered and seek leave to amend the complaint for a second time. For now, Plaintiff must allege as many known facts as possible about the acts or omissions of each individual officer so that Defendants can adequately prepare a defense based on the specific allegations they are facing.

**CONCLUSION**

For the foregoing reasons, the Court finds that Defendants have not met their burden of establishing bad faith, undue prejudice or futility of amendment. Applying the policy in favor of granting leave to amend with "extreme liberality," the Court holds that Plaintiff is entitled to file an amended complaint. *Owens*, 244 F.3d at 712. Plaintiff's motion is hereby **GRANTED**. Plaintiff must file her amended complaint **on or before June 22, 2017**.

9

Further, the Court **MODIFIES** the October 3, 2016 Order for Pretrial Preparation as follows:

(1) All discovery, except for depositions of expert witnesses, shall be completed **on or before August 14, 2017**.

(2) All other dates listed in the Order, including trial and pretrial conference dates, are hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: 06/08/17  _____
THELTON E. HENDERSON
United States District Judge