NOAH G. BLECHMAN (State Bar No. 197167)
noah.blechman@mcnamaralaw.com
AMY S. ROTHMAN (State Bar No. 308133)
amy.rothman@mcnamaralaw.com
McNAMARA, NEY, BEATTY, SLATTERY,
BORGES & AMBACHER LLP
1211 Newell Avenue
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile: (925) 939-0203

Attorneys for Defendant
City of Concord

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAMANDA FLORES,<br><br>Plaintiff,<br><br>vs.<br><br>THE CITY OF CONCORD AND DEFENDANT OFFICERS DOES 1 THROUGH 50,<br><br>Defendants. | Case No. C15-05244 TEH<br><br>**NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' FRCP 12(C) MOTION FOR JUDGMENT AND/OR PARTIAL JUDGMENT ON THE PLEADINGS**<br><br>Date: August 14, 2017<br>Time: 10:00 a.m.<br>Dept: Ctrm 2-17th Flr.<br>Judge: Hon. Thelton E. Henderson |

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ISSUES TO BE DECIDED.............................................................................................. 2

III. PLAINTIFF'S FACTUAL ALLEGATIONS ................................................................ 2

A. From Plaintiff's "Relevant Facts" Section .................................................................. 2

IV. LEGAL STANDARDS ................................................................................................ 4

A. FRCP 12(c) Standards.................................................................................................. 4

B. Leave to Amend .......................................................................................................... 5

C. FRCP 12(e) Standards.................................................................................................. 5

V. LEGAL ARGUMENT .................................................................................................... 6

A. Plaintiff Failed to Properly "Integral Participation" ................................................... 6

B. Plaintiff Fails to Properly Plead "Failure to Intervene" .............................................. 8

C. Plaintiff Failed to Plead Any Bane Act Violation ..................................................... 10

D. Plaintiff Failed to Plead Assault ............................................................................... 11

E. Plaintiff's Improper Claims for Battery, Assault, False Imprisonment, and Negligence Against the City Defendant Must be Dismissed ................................. 12

VI. CONCLUSION ......................................................................................................... 13

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Kraft*, No. 5:10-CV-00602-LHK, 2011 U.S. Dist. LEXIS 83317, at *60 (N.D. Cal. 2011) .......... 8, 9

*Alvarez v. Chevron Corp.*, 656 F.3d 925, 932 n.7 (9th Cir. 2011) .......... 11

*Animal Legal Def. Fund v. HVFG LLC,* 2013 U.S. Dist. LEXIS 89169, 2013 WL 3242244, at *3 (N.D. Cal 2013) .......... 13

*Austin B. v. Escondido Union Sch. Dist.,* 149 Cal.App.4th 860, 883 (2007) .......... 11

*Bass v. City of Fremont,* WL 891090, at * 4 (N.D. Cal. 2013) .......... 11

*Blankenhorn v. City of Orange,* 485 F. 3d 463, 481 n.12 (9th Cir. 2007), .......... 6

*Boyd v. Benton County,* 374 F.3d 773, 780 (9th Cir. 2004) .......... 6

*Bresaz v. County of Santa Clara*, 2015 U.S. Dist. LEXIS 32908, at *11 (N.D. Cal., 2015) .......... 6

*Burns v. City of Concord,* 99 F. Supp. 3d 1007, 1021 (N.D. Cal. 2015) .......... 6

*Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001) .......... 4, 5

*Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 889 (9th Cir. 2010) .......... 11

*Castaneda v. Douglas Cnty. Sheriff's Investigator Rory Planeta,* 2007 U.S. Dist. LEXIS 3471, 2007 WL 160816, *6 (D. Nev. 2007) .......... 7

*Castenada v. City of Napa*, No. C-95-4094 MHP, 1996 U.S. Dist. LEXIS 23210, at *24 (N.D. Cal. 1996) .......... 13

*Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999) .......... 6

*Chenault v. Cobb*, No. C 13-03828 MEJ, 2013 U.S. Dist. LEXIS 163910, at *15 (N.D. Cal. 2013) .......... 13

*Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996) .......... 6

*Conway v. Geithner*, 2012 WL 1657156 *2 (N.D. Cal. 2012) .......... 5

*Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) .......... 4, 5

*Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000) .......... 8

*Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1007 (N.D. Cal. 2014) .......... 11

*Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984) .......... 5

*Dworkin v. Hustler Magazine, Inc.,* 867 F.2D 1188, 1192 (9th Cir. 1989) .......... 4

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

*Fidelity Nat'l Title Ins. Co. v. Castle*, 2011 U.S. Dist. LEXIS 141297, 2011 WL 6141310, at *15 (N.D. Cal. 2011) .......... 13

*Flora v. Home Fed'l Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982) .......... 5

*General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventists Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989) .......... 4

*Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989) .......... 5

*Jones v. Kmart*, 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998) .......... 11

*Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) .......... 9

*Mason v. Ambrose Rec. & Park Dist.*, No. C 10-2201 PJH, 2010 U.S. Dist. LEXIS 79976, at *3 (N.D. Cal. 2010) .......... 13

*Miller v. Indiana Hosp.*, 562 F.Supp. 1259, 1266 (W.D. Pa. 1983) .......... 4

*Monell v. New York Dep't of Social Services*, 436 U.S. 658 (1978) .......... 13

*Monteilh v. County of Los Angeles*, 820 F. Supp. 2d 1081, 1089 (C.D. Cal., 2011) .......... 7

*Moore v. Comcast Sportsnet*, 2013 U.S. Dist. LEXIS 14994, 2013 WL 451665, at *2 (N.D. Cal. 2013) .......... 13

*Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993) .......... 4, 5

*Morgan v. City & Cty. of San Francisco*, WL 2791153, at *1 (N.D. Cal. 2011) .......... 4

*Muhammad v. Garrett*, 66 F. Supp. 3d 1287, 1295 (E.D. Cal. 2014) .......... 11

*Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) .......... 5

*People v. Lopez*, 47 Cal.App.3d 8, 15, 120 Cal.Rptr. 562 (1975) .......... 11

*Pryor v. City of Clearlake*, 877 F. Supp. 2d 929, 936 (N.D. Cal. 2012) .......... 11, 12

*Qwest Commc'ns Corp. v. City of Berkeley ("Qwest")*, 208 F.R.D. 288, 291 (N.D. Cal. 2002) .......... 5

*Ross v. U.S. Bank Nat. Ass'n*, 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008) .......... 4

*Sanchez v. City of Fresno*, 2013 U.S. Dist. LEXIS 68561, at *20 (E.D. Cal. 2013) .......... 6, 7

*Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 956, (2012) .......... 11

**Statutes**

42 U.S.C. § 1983 .......... 6, 11

California Civil Code § 52.1 .......... 10, 11

Federal Rule of Civil Procedure ("FRCP") 12(b)(6) .......... 4

Federal Rule of Civil Procedure ("FRCP") 12(c) .......... 1, 4, 5

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Federal Rule of Civil Procedure ("FRCP") 12(e) .............................................................1, 5, 6, 15

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

## NOTICE

TO PLAINTIFF AND ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on August 14, 2017, at 10:00 a.m. or as soon as this matter can be heard, Defendant, CITY OF CONCORD[1], will and hereby does move this Court for judgment or partial judgment on the pleadings with regard to claims by Plaintiff ROSAMANDA FLORES ("Plaintiff") made in her First Amended Complaint ("FAC"), the operative Complaint in this action.

This motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 12(c) on the grounds that Plaintiff's Complaint, as set forth more fully in the Memorandum of Points and Authorities below, fails to state claims upon which relief can be granted. Should this Court grant Plaintiff leave to amend any portion of her FAC, Defendant moves pursuant to FRCP 12(e) for a more definite statement of Plaintiff's unclear factual allegations, requiring Plaintiff to file a Second Amended Complaint ("SAC"). This motion is based on this notice, the Memorandum of Points and Authorities below, the supporting Declaration of Amy S. Rothman and attached exhibits, and such further evidence and oral argument as may be presented at the hearing on this matter.

## I. INTRODUCTION

Plaintiff's FAC, filed on June 17, 2017, has little difference to the proposed FAC filed by Plaintiff with her Motion to Amend, which this Court did not accept. Like Plaintiff's proposed FAC, this FAC is void of specific factual allegations regarding the individual police officer defendants' Plaintiff now names in her FAC. All of Plaintiff's allegations against Officers Davis and Tucker are made under both "integral participation" and "failure to intervene" theories, however Plaintiff fails to properly plead sufficient factual allegations to allege any plausible claim against these two officers, under these two theories. Additionally, Plaintiff pleads that Officers Kindorf and Halm both, directly caused the constitutional violations and injuries to Plaintiff, and also caused these injuries by their "failure to intervene."

The fact that Plaintiff has pled two separate causation allegation theories regarding these

[1] Although Plaintiff's FAC names four new individual defendant officers, these officers have not yet appeared in this case, nor have they been properly served by Plaintiff. However, if this individual defendants are properly served and do appear in this action, the arguments made in this motion will pertain to those individual officer defendants as well.



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

two officers, which are manifestly different from each other (how can one fail to intervene in one's own use of excessive force?), means that Plaintiff has not alleged any <u>specific factual allegations</u> regarding her claims against Officers Kindorf and Halm as to the essential element of causation. As such, all of these individual defendants are entitled to judgment on the pleadings, and dismissal from this action. Because Plaintiff's allegations against the City of Concord rely on vicarious liability state law claims, dismissal of the individuals from this action also requires dismissal of the City from this action.

## II. ISSUES TO BE DECIDED

1. Did Plaintiff properly plead any causes of actions against Officers Tucker and Davis under an "integral participation theory?

2. Did Plaintiff properly plead any causes of actions against Officers Tucker and Davis under a "failure to intervene theory?

3. Can Plaintiff properly plead that Officers Kindorf and Halm both directly caused constitutional violations and injuries to Plaintiff, while also pleading these officers failed to intervene in their own constitutional violations? Does pleading factual allegations under both of these theories show that Plaintiff has failed to specifically allege how Officers Kindorf and Halm caused any violation to Plaintiff's constitutional rights?

4. Did Plaintiff properly plead any Bane Act Violation(s) against Officers Kindorf, Halm, Tucker or Davis?

5. Did Plaintiff properly plead any viable assault claim?

6. Can Plaintiff properly plead independent causes of actions against a public entity, the City of Concord, for Battery, Assault, False Imprisonment, and Negligence?

## III. PLAINTIFF'S FACTUAL ALLEGATIONS

### A. From Plaintiff's "Relevant Facts" Section

On March 2017, Plaintiff and her girlfriend Naushan Stephens ("Nashaun") arrived at her friend "Shawn's" house at 10:00 p.m. **Exh. A, Plaintiff's Complaint, ¶ 9.** At 4:00 a.m. Plaintiff went to use the bathroom and heard Nashaun and friend, "Frank," in a heated discussion which led to a physical altercation. ***Id.* at ¶10.** Plaintiff and Shawn went over and told the



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

participants to "cool down." Plaintiff became physically involved in the altercation when she attempted to physically pull her girlfriend Nashaun away from Frank and was struck in the face by Nashaun, causing her nose to bleed. ***Id.* at ¶ 11.** Nashaun left Shawn's house. ***Id.* at ¶ 12.**

During the argument, Shawn's roommate, "Tiffany" called the police and told them Nashaun had been fighting with Frank and her girlfriend, Plaintiff. ***Id.* at ¶ 13.** Upon learning that Nashaun left the house, Tiffany told police not to "come out." Police arrived at Shawn's house and Plaintiff told them everything was fine. Plaintiff "believe[s]" the officers who arrived are Halm, Kindorf, Tucker and Davis, and other DOE officers. ***Id.* at ¶ 14.**

Plaintiff went inside Shawn's home "to clean her face up," and while she was in the house, she saw Nashaun had returned and was being arrested. ***Id.* at ¶ 15**. Plaintiff began crying and went to the restroom. ***Id.* at ¶ 16**. While in the bathroom, Shawn knocked on the door telling Plaintiff the police wanted to talk to her. Plaintiff asked for officers to give her a moment. ***Id.* at ¶ 17**. When Shawn told the officers Plaintiff needed a moment, an "unknown" officer, either Kindorf, Halm, Davis or Tucker, asked Shawn for permission to enter the home to talk to Plaintiff, which Shawn denied. ***Id.* at ¶ 18-19**. An unknown officer told Shawn he was going into the house despite Shawn's denial. ***Id.* at ¶ 20**. "It is believed" that all four of these named officers then went into Plaintiff's house and knocked on the bathroom door. *Id.* at ¶ 21. Plaintiff told "these officers" she needed more time. ***Id.* at ¶ 22**. When she opened the door, Plaintiff had completely cleaned her face off. ***Id.* at ¶ 23**.

Plaintiff believes that Officers Halm and Kindorf "with the assistance of officers Tucker and Davis," grabbed Plaintiff and violently twisted her arms behind her back and dragged her through the house and out the front door, "with Tucker and Davis providing backup." ***Id.* at ¶ 24**. Plaintiff told the officers they were hurting her and asked why they were grabbing and dragging her. ***Id.* at ¶ 25.** Shawn walked toward one of the officers, whose identity Plaintiff does not know, and asked why they were treating Plaintiff that way. The unknown officer pulled out his baton and told Shawn not to come closer. ***Id.* at ¶¶ 26-27**. Officers Halm and Kindorf dragged Plaintiff "20 feet" across the lawn to the asphalt and lifted her off the ground, slamming her on the ground, injuring Plaintiff's knees. ***Id.* at ¶ 28**. Officers Halm and Kindorf lifted Plaintiff off



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

of the ground a second time, slamming her down on her face. ***Id.* at ¶ 29**. The "officers" then dragged Plaintiff to the police car. ***Id.* at ¶ 30**. Shawn, again, asked the officers why they were treating Plaintiff this way, and again, an unknown officer pulled out his baton and told Shawn not to come closer. *Id.*

While still on the ground, after Plaintiff was slammed to the ground on her face, "it is believed that officer Halm" put his knee on Plaintiff's back to handcuff her. *Id* at ¶ 31. Plaintiff was placed in the patrol car. *Id.* at ¶ 32. Plaintiff was never charged with a crime or read her Miranda rights. *Id.* Plaintiff was charged with violating Penal Code ("PC") ¶ 243 (e)(1). *Id.* at¶ 33.

## IV. LEGAL STANDARDS

### A. FRCP 12(c) Standards

FRCP 12(c), states that "after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FRCP 12(c). FRCP 12(c) is similar to FRCP 12(b)(6). *Dworkin v. Hustler Magazine, Inc.,* 867 F.2D 1188, 1192 (9th Cir. 1989); *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001); *Moran v. Peralta Community College Dist.,* 825 F.Supp. 891, 893 (N.D.Cal.1993), *citing Miller v. Indiana Hosp.,* 562 F.Supp. 1259, 1266 (W.D. Pa. 1983)). "Under either provision, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a legally sufficient claim." *Morgan v. City & Cty. of San Francisco*, WL 2791153, at *1 (N.D. Cal. 2011) *citing*, *Ross v. U.S. Bank Nat. Ass'n,* 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008) (emphasis added).

In determining whether a moving party has satisfied this standard, the court treats the opposing party's allegations as true, and construes them in the light most favorable to that party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventists Congregational Church,* 887 F.2d 228, 230 (9th Cir. 1989) (citation omitted.) **"Conclusory allegations of law and unwarranted inferences are insufficient to avoid" dismissal.** *Cousins v. Lockyer,* 568

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

F.3d 1063, 1067 (9th Cir. 2009)(emphasis added). "Uncontested allegations to which the other party had an opportunity to respond are taken as true." *Qwest Commc'ns Corp. v. City of Berkeley ("Qwest")*, 208 F.R.D. 288, 291 (N.D. Cal. 2002), *citing Flora v. Home Fed'l Sav. & Loan Ass'n*, 685 F.2d 209, 211 (7th Cir. 1982). The Court should grant motions for judgment on the pleadings when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989), *citing Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). Additionally, "Although Rule 12(c) does not expressly authorize 'partial' judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action." *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), aff'd, 237 F.3d 1026 (9th Cir. 2001), *citing Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993).

**B. Leave to Amend**

Leave to amend is not warranted if an amendment would be futile because the pleading could not possibly be cured by the allegation of other facts. *Partington v. Bugliosi*, 56 F.3d 1147, 1162 (9th Cir. 1995) (denying leave to amend where plaintiff had failed to state a claim for defamation); *Conway v. Geithner*, 2012 WL 1657156 *2 (N.D. Cal. 2012). After months of open discovery in this case, Plaintiff has shown, through essentially two attempts at filing a plausible First Amended Complaint, that leave to amend will not help her cure the fatal defects in her complaint, namely her lack of any specific factual allegations against the officers in this case. As such, Defendant is entitled to judgment on the pleadings and dismissal of this action without leave to amend.

**C. FRCP 12(e) Standards**

If a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading," the responding party can move for a more definite statement before responding. FRCP 12(e). Rule 12(e) "is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted."



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

*Id.* Generally, courts will require a more definite statement only if the pleading is so vague that the opposing party cannot "even with a simple denial" respond "without prejudicing himself. *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). Here, Defendants are, at a minimum, entitled to FRCP 12(e) clarification, requiring Plaintiff to file a SAC, should this Court grant Plaintiff any leave to amend.

## V. LEGAL ARGUMENT

### A. Plaintiff Failed to Properly "Integral Participation"

"'Being a mere bystander' to a constitutional violation is insufficient to support § 1983 liability. *Burns v. City of Concord,* 99 F. Supp. 3d 1007, 1021 (N.D. Cal. 2015); 42 U.S.C. § 1983; *Chuman v. Wright*, 76 F.3d 292, 294-95 (9th Cir. 1996) [rejecting "the 'team effort' standard [that] allows the jury to lump all the defendants together, rather than require it to base each individual's liability on his own conduct"]. "For instance, an officer who arrives at the scene after the unconstitutional act is completed, or an officer who provides crowd control at the scene, are not integral participants." *Bresaz v. County of Santa Clara*, 2015 U.S. Dist. LEXIS 32908, at *11 (N.D. Cal., 2015) [citing *Blankenhorn*, 485 F.3d 463, 481 n.12 (9th Cir. 2007)).

Although integral participation does not require that each officer's individual actions rose to the level of constitutional violation, it "does require some **fundamental involvement** in the conduct that allegedly caused the violation. *Blankenhorn v. City of Orange,* 485 F. 3d 463, 481 n.12., (emphasis added), citing *Boyd v. Benton County,* 374 F.3d 773, 780 (9th Cir. 2004). In *Boyd,* the Ninth Circuit noted three particular factors "that contributed to the finding of integral participation by every officer on the team: (1) the other team members 'stood armed' behind the individual that deployed the flash-bang; (2) each officer 'participated in some meaningful way in the search operation'; and (3) each officer participated in the search knowing that a flash-bang would be used without objecting." *Sanchez v. City of Fresno*, 2013 U.S. Dist. LEXIS 68561, at *20 (E.D. Cal. 2013), citing *Boyd,* 374 F.3d at 780.

Using the above explained framework, the Hon. Judge Lawrence J. O'Neill of the Eastern District, held, in *Sanchez v. City of Fresno,* that an individual § 1983 defendant is fundamentally involved in a violation "when they provide some affirmative physical support at the scene of the

alleged violation and when they are aware of the plan to commit the alleged violation or have reason to know of such a plan, but do not object." *Sanchez,* 2013 U.S. Dist. at *20-21, (emphasis added) citing *Monteilh v. County of Los Angeles,* 820 F. Supp. 2d 1081, 1089 (C.D. Cal., 2011), also citing *Castaneda v. Douglas Cnty. Sheriff's Investigator Rory Planeta,* 2007 U.S. Dist. LEXIS 3471, 2007 WL 160816, *6 (D. Nev. 2007) ["[T]he following two requirements must be demonstrated for an individual to be considered an integral participant in an excessive force claim. **First, the officer must be more than a mere bystander to the underlying police action. Rather, the officer must be performing some function necessary to the completion of a police goal. Second, the officer must continue in his actions despite knowing that the actions ultimately constituting excessive force will occur, regardless of whether the officer knows those actions, in fact, constitute excessive force**.") (internal citations omitted)(emphasis added).

Here, in each of Plaintiff's causes of actions naming Officers Tucker and Davis, (and in Plaintiff's cause of action for false arrest regarding Officers Kindorf, Tucker and Davis), Plaintiff pleads these officers' involvement in the alleged violations under an "integral participation" theory without any specific factual allegations as to these officers' "fundamental involvement" in the alleged violation(s). In Causes of Action One, Two, Three, Five, Seven, Nine, and Eleven, Plaintiff pleads "integral participation" by these officers by stating:

> Further, this conduct was also performed by officers Tucker and Davis as integral participants who provided assistance to officers Halm #0481 and Kindorf, while they engaged in this conduct.

Exh. A, ¶¶ 36, 37, 38, 43, 46, 47, 52, 53, 63, 73. Clearly, these repeated, one sentence allegations are fatally conclusory, as they fail to specifically allege that Ofcs. Tucker and Davis (and Kindorf in Cause of Action Two, for false arrest) performed any "function necessary to the completion of a police goal" nor the second requirement, that these officers "continue[d] in [this] action[] despite knowing that the actions ultimately constituting [the constitutional violation] will occur." *Sanchez,* 2013 U.S. Dist. at *20-21, citing *Castaneda,* 2007 U.S. Dist. at *6. As such, Defendant is entitled to judgment on the pleading as to all causes of actions stated against Officers Tucker and Davis (and Kindorf in Cause of Action Two), including the above named causes of actions,



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

without leave to amend.

**B. Plaintiff Fails to Properly Plead "Failure to Intervene"**

Individual police officers have a duty to intervene or intercede "when fellow officers commit violations," however a Plaintiff must allege that the officers had "a realistic opportunity to intercede." *Adams v. Kraft*, No. 5:10-CV-00602-LHK, 2011 U.S. Dist. LEXIS 83317, at *60 (N.D. Cal. 2011), citing *Cunningham v. Gates,* 229 F.3d 1271, 1289 (9th Cir. 2000). In *Adams v. Kraft,* the Hon. Judge Lucy H. Koh of the Northern District, had the task of analyzing an officer defendants' motion to dismiss Plaintiff's claims against three individual police officers for "failure to intervene." In the plaintiff's complaint in *Adams,* plaintiff alleged:

> [N]one of the other Rangers present attempted to intervene on behalf of ADAMS either to protect him from false arrest or from the excessive force used by HAUCK and KRAFT, despite the fact that they were in a position to and could have stopped the arrest and intervened to prevent the excessive use of force after KRAFT initially kicked ADAMS [*60] in the wrist for no apparent reason." SAC ¶ 24. Plaintiff claims the three officers "are liable for their failure to intervene when it was manifestly apparent to them that KRAFT and HAUCK were engaging in unnecessary and brutal force against ADAMS." *Id.* at ¶ 50. In a change from the FAC, Plaintiff does add that the three officers "were in a position to and could have stopped the arrest and intervened to prevent the excessive use of force after" the kick. *Id.* at ¶ 24.

Adams, 2011 U.S. Dist., at *59-60.

In analyzing these pleadings, Judge Koh noted that although the officers admit they witnessed the event, the defendant officers challenged "both the basis for [plaintiff's] 'information and belief' that [the officers] could have interceded, and note that Adams failed to allege the officers had a 'realistic opportunity to intercede.'" *Adams*, 2011 U.S. Dist. at *60. The defendant officers in *Adams* specifically argued that Plaintiff needed to allege:

> [S]ufficient time for the officers to intervene between the point they saw Kraft's kick and before the compliance hold, he would also have to allege that [all three individual officers] actually saw this happening and were close enough to intervene and leave their positions, in the split second between Kraft's alleged kick and compliance hold.

*Id.*

Agreeing with the defendant officers' above stated argument, Judge Koh noted that

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

“Plaintiff’s conclusory allegation in the SAC that the officers had the opportunity to intervene is merely a formulaic recitation of the legal standard, and not a specific factual allegation.” *Id.* at *61. **Judge Koh went onto explain that Adams’ pleading, does not support his allegations regarding these three individual officers “with actual factual allegations regarding their opportunity to intervene or their exact role in Plaintiff’s arrest.”** *Id.* Since this was the plaintiff’s third attempt at alleging these facts, Judge Koh dismissed Plaintiff’s claim for “failure to intervene,” against these officers, without leave to amend. *Id.*

Here, Plaintiff pleads “failure to intervene” in Causes of Action One, Two, Three, Five, Nine and Eleven, by stating:

> All the Defendant officers Halm #0481, Kindorf, Davis, Tucker and unknown DOE defendants failed to intervene and stop the violation of the [constitutional/tort], when they observed their fellow Defendant Officers committing a [constitutional/tort] violation, causing Plaintiff harm and did nothing to prevent it from taking place.

Exh. A, ¶¶ 39, 44, 48, 54, 65, 74. Like Plaintiff in *Adams,* Plaintiff here has pled no specific facts showing how or when any of the four officers she names in her complaint had a “realistic opportunity to intercede,” nor these officers “role[s]” in the alleged violations. *Adams*, 2011 U.S. Dist. at *61. In terms of Officers Tucker and Davis, as held by Judge Koh in *Adams,* “Plaintiff’s conclusory allegation in the SAC that the officers had the opportunity to intervene is merely a formulaic recitation of the legal standard, and not a specific factual allegation.” *Id.* at *61. Such is not sufficient to plead “failure to intervene,” against these officers and Defendant is entitled to judgment on the pleading as to Officers Tucker and Davis, in every cause of action in which they are named.

In terms of Officers Kindorf and Halm, if Plaintiff is alleging these officers directly caused her injuries, then it is impossible for her to plead these officers had a “realistic opportunity to intercede,” with themselves. Such contradictory pleadings fatally undermine each other. In pleading both § 1983 claims and state tort violations, the inquiry into the element of causation must be an independent, specific inquiry as to each defendant’s alleged role, since Plaintiff is seeking individual liability. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ["The inquiry into

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation."]

For example, in Plaintiff's First Cause of Action for Excessive Force she pleads that Officers Kindorf and Halm allegedly lifted Plaintiff off the ground and slammed her down, and then also alleges that Officers Kindorf and Halm "failed o intervene and stop the constitutional violation of excessive force, when they observed their fellow Defendant officers using excessive force upon the Plaintiff, causing her harm and did nothing to prevent it from taking place." Exh. A, ¶¶ 36, 39. Since one cannot observe oneself committing a constitutional violation and also fail to intervene with oneself, Plaintiff has failed to specifically allege how Officers Kindorf and Halm were the cause of any excessive force allegedly used on her. Without alleging specific and plausible facts alleging how Officers Kindorf and Halm caused the excessive force violation, Plaintiff has not properly plead any § 1983 violation or tort claim. This applies to each cause of action named against Officers Kindorf and Halm listed above.

As such, Officers Tucker and Davis are entitled to judgment on the pleadings as to all causes of actions stated against them since Plaintiff has failed to properly plead their involvement through either an "integral participation" theory, or a "failure to intervene" theory. Officers. Kindorf and Halm are entitled to judgment on the pleadings because Plaintiff's decision to plead these officers' involvement in the alleged violations under to, essentially mutually exclusive causation theories, meaning Plaintiff has failed to specifically allege any plausible violations against them, since she has failed to plead, with specificity, the essential element of causation. It should be noted that judgment on the pleadings as to Plaintiffs federal claims and her intentional tort claims, would also require judgment on the pleadings as to Plaintiff's Seventh Cause of Action, for state law Negligence, since this claim relies on the intentional tort and federal law claims. Exh. A, pg. 14:1-21. Defendant is entitled to the judgment on the pleadings as to these claims, without leave to amend.

### C. Plaintiff Failed to Plead Any Bane Act Violation

The California Civil Code § 52.1, also known as the Bane Act, serves as a state law remedy for constitutional or statutory violations accomplished through intimidation, coercion, or

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

<u>threats</u>. CCC § 52.1; *Davis v. City of San Jose*, 69 F. Supp. 3d 1001, 1007 (N.D. Cal. 2014) (emphasis added). Although analogous to § 1983, it is not tantamount to a § 1983 violation, requiring <u>more</u> than evidence of a violation of rights. *Id. citing, Bass v. City of Fremont,* WL 891090, at * 4 (N.D. Cal. 2013); *see also Austin B. v. Escondido Union Sch. Dist.,* 149 Cal.App.4th 860, 883 (2007) ["The essence of a Bane Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law."].

"To prove a claim under 52.1, the plaintiff must demonstrate that the interference with the constitutional right **<u>was accompanied by an act of coercion, intimidation or threats</u>**. *Muhammad v. Garrett*, 66 F. Supp. 3d 1287, 1295 (E.D. Cal. 2014) (emphasis added); *Shoyoye v. County of Los Angeles,* 203 Cal.App.4th 947, 956, (2012)*; Carvalho v. Equifax Info. Services, LLC,* 629 F.3d 876, 889 (9th Cir. 2010); see also *Alvarez v. Chevron Corp.,* 656 F.3d 925, 932 n.7 (9th Cir. 2011) *Jones v. Kmart,* 17 Cal.4th 329, 334, 70 Cal.Rptr.2d 844, 949 P.2d 941 (1998).

Here, Plaintiff's cause of action for violation of the Bane Act pleads only a constitutional violation, but fails to plead that such a constitutional violation was accompanied by a separate act of coercion, intimidation or threats. As such, Plaintiff has failed to plead any Bane Act violation against any of the four individually named officers, and Defendant is entitled to judgment on the pleadings as to Plaintiff's Bane Act claim, her Eleventh Cause of Action, without leave to amend.

### D. <u>Plaintiff Failed to Plead Assault</u>

Here, it appears that the separate claims for assault and battery are unwarranted and cumulative. This is because Plaintiff here is clearly claiming a consummated assault, as she is claiming battery/excessive force against the individual officers, and therefore Plaintiff's assault claim is really subsumed by the battery claim. "A defendant cannot be convicted of both assault and battery as every battery includes an element of assault, "and is, in fact, a consummated assault." *People v. Lopez,* 47 Cal.App.3d 8, 15, 120 Cal.Rptr. 562 (1975). **<u>More importantly, Plaintiff's assault claim in this matter should be dismissed because Plaintiff has failed to properly allege any assault</u>**. In *Pryor v. City of Clearlake*, the Hon. Judge Claudia

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Wilken of the Northern District, had the task of ruling on Defendants' Motion for Summary Judgment, which included arguments that Defendants were entitled to judgment as to Plaintiff's state law claim for "assault and battery" by a police officer. *Pryor v. City of Clearlake*, 877 F. Supp. 2d 929, 936 (N.D. Cal. 2012).

In ruling on the motion, Judge Wilken noted that "a claim for assault requires, among other elements, **proof that the defendant threatened** to touch the plaintiff in a harmful or offensive manner." *Pryor v. City of Clearlake*, 877 F. Supp. 2d 929, 952 (N.D. Cal. 2012) (emphasis added), citing Civil Jury Inst. 1301. In analyzing the facts of the case, Judge Wilken explained that because Plaintiff provided no evidence that Plaintiff "threatened him with use of unreasonable force," defendants are entitled to summary judgment as to the assault claim. *Pryor,* 877 F. Supp. 2d at 953.

Here, Plaintiff contends she suffered, "a reasonable fear of an imminent battery when the Plaintiff observed the Defendants they lifting her up where her feet could not touch the ground and slamming her on the ground injuring her knees causing the Plaintiff to suffer severe emotional distress." Exh. A, ¶ 52. Like Plaintiff's impossible/confusing allegations that Officers Kindorf and Halm failed to intervene when they directly caused Plaintiff injuries, it does not make sense that Plaintiff observed herself being lifted and slammed to the ground, and that she was in imminent fear of a battery at the time she was allegedly experiencing a battery – the two theories are mutually exclusive. This is clearly an improper attempt by Plaintiff to allege a claim for assault, where no assault occurred. Really, Plaintiff is only alleging a battery. Plaintiff's allegations that she was not in imminent fear until she apparently saw these officers lifting her and slamming her down (which again, is impossible), actually tends to show that there was no assault, since Plaintiff was not in imminent fear of a battery before a battery occurred. Because Plaintiff has not and cannot plead the essential elements of assault, Plaintiff's state law assault claim must be dismissed without leave to amend.

### E. Plaintiff's Improper Claims for Battery, Assault, False Imprisonment, and Negligence Against the City Defendant Must be Dismissed

Defendants move to dismiss all of Plaintiff's independent tort claims (including

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

negligence), against the City Defendant (Plaintiff has failed to plead any Federal Claims against the City of Concord). A public entity cannot commit an intentional tort, or negligence, on its own rather liability must be alleged through a vicarious liability theory. *Castenada v. City of Napa*, No. C-95-4094 MHP, 1996 U.S. Dist. LEXIS 23210, at *24 (N.D. Cal. 1996). However, vicarious liability, on its own, is not an independent cause of action. *Mason v. Ambrose Rec. & Park Dist.*, No. C 10-2201 PJH, 2010 U.S. Dist. LEXIS 79976, at *3 (N.D. Cal. 2010) [Respondeat superior is not an independent cause of action — rather, it is a doctrine or theory of liability, under which, for example, and employer may be held liable for the negligent acts of its employees.]; *Chenault v. Cobb*, No. C 13-03828 MEJ, 2013 U.S. Dist. LEXIS 163910, at *15 (N.D. Cal. 2013) ["Because Plaintiff's cause of action for respondeat superior does not present a cognizable claim, it is subject to dismissal with prejudice."] *see also Fidelity Nat'l Title Ins. Co. v. Castle,* 2011 U.S. Dist. LEXIS 141297, 2011 WL 6141310, at *15 (N.D. Cal. 2011) [dismissing respondeat superior cause of action without leave to amend]; *Animal Legal Def. Fund v. HVFG LLC,* 2013 U.S. Dist. LEXIS 89169, 2013 WL 3242244, at *3 (N.D. Cal 2013); *Moore v. Comcast Sportsnet,* 2013 U.S. Dist. LEXIS 14994, 2013 WL 451665, at *2 (N.D. Cal. 2013).

Here, Plaintiff's separate causes of actions for state law battery, assault, negligence and false imprisonment against the City of Concord must be dismissed without leave to amend, not only because they are redundant to the claims against the individual defendants, but because a public entity cannot commit such tortuous violations. Similarly, as presented in Plaintiff's FAC, these causes of actions are essentially independent causes of actions against the City of Concord for vicarious liability. As shown in the case law above, this is improper, as vicarious liability is not an independent basis for a cause of action. *Mason*, 2010 U.S. Dist. LEXIS 79976, at *3. As such, the City of Concord is entitled to judgment on the pleadings as to all independent causes of actions stated against it. Because Plaintiff has failed to plead any federal *Monell* claim, the City of Concord is entitled to dismissal from this action, without leave to amend. *Monell v. New York Dep't of Social Services*, 436 U.S. 658 (1978).

## VI. CONCLUSION

For the above stated reasons, Defendant City of Concord (and the none-served individual



McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

Defendant Officers) are entitled to judgment on the pleadings as to Plaintiff's entire FAC. As such, this action should be dismissed against the City of Concord, without leave to amend. However, Should this Court grant any portion of this Motion with leave to amend, Defendant moves, pursuant to FRCP 12(e), for a more definite statement of all of the confusing issues stated above, requiring Plaintiff to file a SAC.

Dated: June 28, 2017

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: ______________________
Noah G. Blechman
Amy S. Rothman
Attorneys for Defendant
City of Concord

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP
ATTORNEYS AT LAW
1211 NEWELL AVENUE, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330