1  NOAH G. BLECHMAN (State Bar No. 197167)
   noah.blechman@mcnamaralaw.com
2  AMY S. ROTHMAN (State Bar No. 308133)
   amy.rothman@mcnamaralaw.com
3  McNAMARA, NEY, BEATTY, SLATTERY,
   BORGES & AMBACHER LLP
4  1211 Newell Avenue
   Walnut Creek, CA 94596
5  Telephone: (925) 939-5330
   Facsimile:  (925) 939-0203

   Attorneys for Defendant
   City of Concord

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAMANDA FLORES,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE CITY OF CONCORD AND DEFENDANT OFFICERS DOES 1 THROUGH 50,<br><br>　　　　Defendants. | Case No. C15-05244 TEH<br><br>**DEFENDANT'S REPLY IN SUPPORT OF FRCP 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS** |

# I. INTRODUCTION

**As an initial matter, it appears Plaintiff has applied the incorrect legal standard in her "Response" to Defendants' FRCP 12(c) Motion ("Response," ECF-67), meaning she has failed to carry her burden and thus has failed to rebut any of the arguments made by Defendant in its FRCP 12(c) Motion for Judgment on the Pleadings ("Motion," ECF-65).** At this stage, as explained in detail in Defendant's Motion, this FRCP 12(c) Motion is treated as a Motion to Dismiss, applying plausible pleading standards. Plaintiff, who is not pro se and is represented by competent counsel, **has applied the Summary Judgment standard to each of her arguments**, irrelevantly arguing that triable issues of material fact exist, instead of pointing to factual allegations in her First Amended Complaint ("FAC") and explaining how she has pled plausible claims where Defendant asserts she has not. As such, Defendant is entitled to FRCP 12(c) Judgment on the pleadings/granting of its Motion.

Additionally, even if Plaintiff had applied the correct standard and attempted to carry her burden on Defendant's FRCP 12(c) Motion, Plaintiff's arguments, like the deficiently pled allegations in her FAC, are conclusory and fail to cite to any facts she alleged in her FAC, the operative complaint in this action, showing how she sufficiently pled any of the challenged causes of actions. Plaintiff's Response therefore fails for the same reason her implausible conclusory allegations in her FAC fail to state claims upon which relief may be granted, and Defendant's Motion should be granted.[1]

# II. LEGAL ARGUMENT

A. **Plaintiff Applied The Wrong Standard To Her "Response" And Thus Failed To Carry Her FRCP 12(c) Burden**

In every single section dedicated to argument in Plaintiff's Response, Plaintiff ends her argument sections by concluding:

> Thus, because the Court must accept the plaintiff's allegations as true with regard to this claim, **an issue of material fact does exist that remains to be resolved and the defendants are not entitled to judgment as a matter of law**.

---

[1] Per Footnote 1 in Defendant's Motion (ECF-65, pg. 1), Defendant is filing a Joinder along with this Reply, joining Concord Police Department Officers Halm, Kindorf, Davis and Tucker to this Motion in light of the fact that Plaintiff served these individual officers.

DEFENDANT'S REPLY IN SUPPORT OF FRCP    1
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS, C15-05244 TEH

(ECF-67, Plaintiff's "Response," [Plaintiff's pages are not numbered so Defendants' are citing to the ECF page numbers], pgs. 5:13-16, 7:16-19, 8:12-16, 9:26-28, 10:20-23)(emphasis added).

Defendant incorporates by reference, the statements of law described in section "A. FRCP 12(c) Standards," from Defendant's Motion. (ECF-65, pgs. 4:11-5:13). As was explained in Defendant's Motion, an FRCP 12(c) Motion for Judgment on the Pleadings is treated as an FRCP 12(b)(6) Motion to Dismiss (not an FRCP 56 Motion for Summary Judgment). *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989) ("The principal difference between motions filed pursuant to Rule 12(b) and Rule 12(c) is the time of filing. Because the motions are functionally identical, the same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c) analog. In this case, the Hustler defendants' Rule 12(c) motion was equivalent to a Rule 12(b)(6) motion to dismiss for failure [**9] to state a claim upon which relief could be granted.") As such, in order to carry her burden to oppose Defendant's FRCP 12(c) Motion, Plaintiff needed to point to specifically alleged facts in her FAC that show she has alleged a plausible claim(s) for relief, since Defendant here made the argument that she failed to allege such plausible claims.

Here, Defendant adequately argued that Plaintiff failed to plead sufficient facts to state any plausible claims for relief under the federal "integral participation" theory, the federal "failure to intervene" theory, the state law Bane Act, Plaintiff's state law claim for Assault, and Plaintiff's improper independent causes of actions for vicarious liability against the City. However, instead of pointing to allegations in her Complaint showing she has sufficiently pled facts from which a Court could infer the plausibility of her claims for relief, Plaintiff has argued that she has raised triable issues of material fact. Arguing that one has raised triable issues of material fact, however, does not satisfy Plaintiff's burden on this 12(c) motion, under federal law. Practically speaking, even though there may be triable issues of material fact (although Defendant is not conceding that there are such in this case), this does not mean claims are plausible and sufficiently pled.

Since Plaintiff did not apply the correct burden to any of the arguments made by Defendant in its FRCP 12(c) Motion, Defendants are entitled to judgment on the pleadings as to

DEFENDANT'S REPLY IN SUPPORT OF FRCP 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS, C15-05244 TEH

2

the issues raised in Defendants' Motion, without leave to amend.

### B. Plaintiff Has Failed to Point To Specific Facts In Her FAC Showing She Pled Plausible Claims Under the "Integral Participant" Theory.

Here, Plaintiff has failed to address the case law cited by Defendant that establishes she must plead, under each cause of action in which she is claiming "integral participation" of the officers, specific facts showing **how each individual officer was "fundamentally involved"** in an alleged constitutional violation. *Monteilh v. County of Los Angeles,* 820 F. Supp. 2d 1081, 1089 (C.D. Cal., 2011), also citing *Castaneda v. Douglas Cnty. Sheriff's Investigator Rory Planeta,* 2007 U.S. Dist. LEXIS 3471, 2007 WL 160816, *6 (D. Nev. 2007).

Plaintiff alleges in her Response that the FAC specifically states that Tucker and David "provided assistance to defendants Halm and Kindorf 'when they lifted the plaintiff off the ground to where her feet could not touch the ground and slammed her on the ground injuring her." (ECF-67, pg. 4:18-21.) That said, per the plethora of case law cited to by Defendants, Plaintiff has given the Court a perfect example of the conclusory allegations she has pled, without pleading any specific facts. Plaintiff fails to allege how any of these officers "assisted," which is ultimately what she needed to plead in order to show "fundamental involvement." As currently pled, Plaintiff has simply pled a conclusory allegation of "team effort" liability, which is not sufficient to show integral participation. *Burns v. City of Concord,* 99 F. Supp. 3d 1007, 1021 (N.D. Cal. 2015); 42 U.S.C. § 1983; *Chuman v. Wright,* 76 F.3d 292, 294-95 (9th Cir. 1996) [rejecting "the 'team effort' standard [that] allows the jury to lump all the defendants together, rather than require it to base each individual's liability on his own conduct"].

Plaintiff also argues, "there are no allegations in the FAC that lead to the inference that Tucker and Davis (as well as Kindorf regarding the assault claim) were just mere bystanders," however, Defendant disagrees, and would note that such is irrelevant since it has nothing to do with the standard for plausible pleadings. (ECF-67, pg. 5:8-13). What matters is whether Plaintiff's conclusory allegations in her FAC, suffice to allege these officers "fundamental involvement" in the alleged constitutional deprivations. Plaintiff's arguments in this section are as conclusory as her statements in her FAC, and they fail to cite to any allegation in her FAC

DEFENDANT'S REPLY IN SUPPORT OF FRCP 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS, C15-05244 TEH     3

where any specific factual allegations are made against these individual officers showing how they fundamentally assisted in violating Plaintiff's constitutional rights. As such, Plaintiff has not carried her burden on this issue, and Officers Tucker and Davis should be dismissed from this action with prejudice, **since Plaintiff has had years during discovery to develop such facts, and has already had an opportunity (she has actually essentially had two opportunities to amend, if we consider the proposed FAC which the Court denied) to amend her Complaint**.

C. **Plaintiff Has Failed to Point To Specific Facts In Her FAC Showing She Pled Plausible Claims Under the "Failure to Intervene" Theory.**

Like her arguments with regard to "integral participation," Plaintiff, in her Response, simply reiterates the conclusory allegations she alleged in her FAC, and says such are sufficient to plead "failure to intervene," without citing to any case law showing that conclusory allegations are sufficient. Since Defendant cited to case law that specifically states that it is insufficient to simply plead a conclusory statement that officers "failed to intervene and stop the constitutional violation of excessive force, when they observed their fellow officers using excessive force upon the plaintiff, causing her harm and did nothing to prevent it from taking place," as Plaintiff has pled, Plaintiff needed to cite case law showing such conclusory allegations are sufficient. *Adams v. Kraft*, No. 5:10-CV-00602-LHK, 2011 U.S. Dist. LEXIS 83317, at *61 (N.D. Cal. 2011) [Judge Koh noted that "Plaintiff's conclusory allegation in the SAC that the officers had the opportunity to intervene is merely a formulaic recitation of the legal standard, and not a specific factual allegation."]

Specifically, Plaintiff argues in her Response:

> Regarding all four of the defendants who were present from the time that the plaintiff was dragged out of Shawn Ford's residence, across a lawn, and into the street prior to being slammed onto the concrete twice and then falsely arrested, there were definitely multiple opportunities present for any of these defendants to have intervened to prevent all of the constitutional violations that took place or at least some of the constitutional violations that occurred.

(ECF-67, pg. 6:15-21). However, this statement is not something Plaintiff is citing to from her FAC, and even if it was, this statement fails to show how each of these officers had any opportunity to realistically intervene in any alleged constitutional violations, just as Plaintiff's

DEFENDANT'S REPLY IN SUPPORT OF FRCP 4
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS, C15-05244 TEH

FAC fails to specify. Plaintiff's arguments are essentially illustrating how bare her factual allegations are in her FAC. Since Plaintiff is attempting to hold all four of these officers individually liable for their individual actions, case law, which Defendant cited to in its Motion, demands that Plaintiff plead specific factual allegations, which she has not, and clearly cannot do.

Lastly, Plaintiff's arguments in terms of Officers Kindorf and Halm, in which she relies on the case, *U.S. v. Koon,* (which is not at all instructive here) are completely misleading, as *Koon* does not stand for the proposition Plaintiff's counsel appears to be telling the Court it stands for. Plaintiff asserts that the Defendant in *Koon* "was convicted of both directly violating Rodney King's civil rights, and for failing to intervene to prevent his fellow officers from violating King's civil rights." (ECF-67, pg. 7:10-13.). However, this is wrong and frankly confusing, since that is not what the Court in *Koon* ruled. Nowhere, in *Koon,* did the Court rule that anyone was correctly found liable for directly causing an injury, and also failing to intervene with themselves when they directly caused that injury, which is what Plaintiff is alleging here. In that sense, Plaintiff's confusing use of that case and her interpretation of it are wrong and irrelevant.

Plaintiff has failed to provide any case law establishing that, for instance, Ofc. Kindorf can be found directly liable for slamming Plaintiff to the ground, and also indirectly liable for failing to intervene (with himself) when he allegedly slammed Plaintiff to the ground. As Defendants argued in their Motion, Plaintiff's decision to plead two, essentially, mutually exclusive types of causation as to Officers Halm and Kindorf's alleged constitutional violations against Plaintiff, fundamentally means Plaintiff has failed to specifically allege how these officers caused Plaintiff's alleged constitutional deprivations. Since Plaintiff has failed to properly and sufficiently plead an essential element of all § 1983 claims and state law tort claims against these two officers (causation), like Officers Tucker and Davis, Officers Halm and Kindorf are entitled to judgment on the pleadings and dismissal from this action.

D. **Plaintiff Has Failed to Point to Specific Facts In Her FAC Showing She Pled Any Plausible State Law Bane Act Claim**

Plaintiff cites to *Hampton v. City of Oakland*, in support of her contention that she need not plead separate allegations of threats, coercion, or intimidation, if such is "inherent in the

DEFENDANT'S REPLY IN SUPPORT OF FRCP 5
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS, C15-05244 TEH

alleged constitutional or statutory violation." (ECF-67, pg. 7:22-25). Plaintiff also argues that "a successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1" and cites to *Chaudhry v. City of Los Angeles*, 751 F. 3d 1106 (9th Cir. 2014). However, these cases are distinguishable.

*Chaudhry v. City of Los Angeles* is an Appellate case in which the Ninth Circuit was tasked with determining whether decedent's Estate should be allowed to "move[] to amend the judgment to reinstate its § 52.1 claim *in light of the jury's verdict on its § 1983 excessive force claim.*" *Chaudhry v. City of L.A.*, 751 F.3d 1096, 1105 (9th Cir. 2014). Thus in *Chaudhry*, a jury had already concluded that the Estate had proven excessive force, before it determined that the Estate was, at that time, entitled to amend to add the Bane Act violation to the complaint. That is not the case here.

*Hives v. Cnty. Of Alameda,* No. 15-cv-02490-DMR, 2015 U.S. Dist. LEXIS 112619, at *9 (N.D. Cal. 2015), a 2015 opinion by the Northern District citing to *Hampton*, helps to explain both why Plaintiff's conclusory contentions do not necessarily support his arguments, and also sheds some light on the *Chaudhry* decision Plaintiff cites to. In *Hive*, the Hon. Judge Ryu analyzed a leading case, *Shoyoye v. County of Los Angeles*, 203 Cal. App. 4th 947 (2012), on the issue of whether a Plaintiff must separately plead "intimidation, threats or coercion." *Hives*, 2015 U.S. Dist. LEXIS 112619 at *17. Judge Ryu noted that in *Shoyoye*, the Court was tasked with determining whether a § 52.1 claim "lies where defendant merely acts negligently, with no intent." *Id.* In *Shoyoye*, Plaintiff argued that he had been wrongly detained in a County jail for sixteen days, and argued that the "intimidation and coercion inherent in being incarcerated is sufficient to show a defendant interfered by threats, intimidation, or coercion with his right to be free from an unreasonable seizure." *Id.* Because the Court found that the Defendant in *Shoyoye* had not acted deliberately, the Court found that § 52.1 required a separate showing of coercion, intimidation or threats. *Id.* at *18.

The *Hives* Court, following *Shoyoye*, and citing to *Hampton*, noted that "Although courts have not been unanimous, this court concludes that a section 52.1 claim "does not require threats, coercion, or intimidation independent from the threats, coercion or intimidation inherent in the

DEFENDANT'S REPLY IN SUPPORT OF FRCP 6
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS, C15-05244 TEH

alleged constitutional or statutory violation." *Id.* In *Hives,* since it was alleged that Defendant intentionally shot and killed the decedent, the *Hive* Court held that the "allegation of intentional conduct is sufficient for purposes of Plaintiff's section 52.1 claim." *Id.* at *19.

Here, however, Plaintiff has pled actions for both Excessive Force and Negligence. Although Plaintiff's particular Bane Act cause of action alleges that the Bane Act was violated when Defendant Officers Halm and Kindorf used excessive force on Plaintiff, Plaintiff's cause of action for negligence against Defendant Offciers Halm and Kindrof are based on the same set of facts as her claim for excessive force. (ECF-67, pg. 14, ¶ 15, "By virtue of the foregoing, Defendant officers Halm #048[1], Kindorf, Davis, Tucker and unknown DOE defendants, owed Plaintiff a duty of due care not to cause the Plaintiff physical harm, or to cause her to suffer an assault, battery, false arrest or false imprisonment, and that this duty was breached by the Defendants' negligence and failure to exercise due care in their handling of the Plaintiff.")

Here, not only has Plaintiff not pled anywhere in her FAC that she believes the force used on her was intentional, but she pleads that Officers Kindorf and Halm acted negligently during the same set of facts that she claims forms the basis of her excessive force cause of action. As such, Defendants believe that *Shoyoye,* as enterpreted by the Northern District in 2015 by the *Hive* Court, would apply here based on Plaintiff's dual allegation that the Officers' actions were also negligent, requiring Plaintiff to plead separate acts of coercion, intimidation or threats in her state law Bane Act claim. Since Plaintiff failed to do that, Defendant is entitled to judgment as to Plaintiff's Bane Act claim.

E. **Plaintiff Has Failed to Point To Specific Facts In Her FAC Showing She Pled A Plausible Claim For State Law Assault**

Here, Plaintiff relies on *Garcia v. City of Merced,* 637 F. Supp. 2d 731, 749 (E.D. Cal. 2008), when arguing she correctly alleged two separate causes of actions for assault and battery. However, *Garcia,* stands for the proposition that when allegations of both an assault and battery are pled in a case, instead of stating one cause of action for both battery and assault, those causes of actions must be stated separately. As the Eastern District in *Garcia* recognizes, **"Under California law, a defendant cannot be convicted of both assault and battery, as every**

DEFENDANT'S REPLY IN SUPPORT OF FRCP     7
12(C) MOTION FOR JUDGMENT ON THE
PLEADINGS, C15-05244 TEH

**battery includes an element of assault, "and is, in fact, a consummated assault."** *Garcia v. City of Merced*, 637 F. Supp. 2d 731, 748 (E.D. Cal. 2008)(emphasis added); *People v. Lopez*, 47 Cal.App.3d 8, 15, 120 Cal. Rptr. 562 (Cal.App.4 Dist. 1975). However, Defendant here did not argue that Plaintiff improperly grouped her assault and battery claims together, rather Defendants first argued that Plaintiff's assault claim is subsumed by her battery claim, meaning the claim for assault is essentially a redundant claim to her battery claim, since she is alleging a consummated assault.

That said, Defendant also argued that Plaintiff did not properly plead any plausible state law assault claim in this case, as her conclusory allegations of assault are insufficient to carry her pleading burden. Plaintiff, in her Response, says she "properly plead an assault claim because at the time she was lifted off the ground, she was placed in reasonable fear that the officers were going to slam her onto the ground causing her injury." (ECF-67-9:14-17). However, Plaintiff fails to cite to where in her FAC she ever pled this. That is because Plaintiff did not plead this, Plaintiff's counsel is simply inserting factual allegations into Plaintiff's Response, that were never actually pled in Plaintiff's FAC. In her FAC, Plaintiff confusingly pled:

> Based on the above-stated misconduct, Defendant officers Halm #0481 and Kindorf caused the Plaintiff to suffer a reasonable fear of an imminent battery when the Plaintiff observed the Defendants they lifting her up where her feet could not touch the ground and slamming her on the ground injuring her knees causing the Plaintiff to suffer severe emotional distress.

ECF-62, FAC, ¶ 52. As such, Plaintiff has essentially pled in her FAC that she suffered a battery when she observed herself being lifted off the ground and also observed herself being slammed to the ground, which does not make sense. As pled, Plaintiff has only pled a battery, using the buzzword "reasonable fear of an imminent battery." If Plaintiff had pointed to case law establishing that one can have an out-of-body experience, observing oneself being battered, which could also constitute an assault, Plaintiff would have potentially carried her burden here to refute Defendants arguments. Instead, Plaintiff attempts to explain her FAC, by stating and creating more factual allegations not made in her FAC. As such, Defendant is entitled to judgment as to Plaintiff's state law Assault claim, without leave to amend.

### F. Plaintiff's Improper Independent Causes of Actions For Vicarious Liability Must Be Dismissed With Prejudice.

Plaintiff seems to be arguing that since her independent causes of actions against only the City (Causes of Actions Nos. Four, Six, Eight, and Ten [Although Plaintiff has not numbered her causes of actions]) are brought pursuant to California Government Code § 815(a), that she can plead these as independent causes of actions. However, § 815 merely states the elements for vicarious liability, and does not create an independent cause of action for vicarious liability. Again, as stated in Defendants Motion, and not addressed by Plaintiff in her Response, the Ninth Circuit does not recognize independent causes of actions for vicarious liability. *Mason v. Ambrose Rec. & Park Dist.*, No. C 10-2201 PJH, 2010 U.S. Dist. LEXIS 79976, at *3 (N.D. Cal. 2010) [Respondeat superior is not an independent cause of action — rather, it is a doctrine or theory of liability, under which, for example, and employer may be held liable for the negligent acts of its employees.]; *Chenault v. Cobb*, No. C 13-03828 MEJ, 2013 U.S. Dist. LEXIS 163910, at *15 (N.D. Cal. 2013) ["Because Plaintiff's cause of action for respondeat superior does not present a cognizable claim, it is subject to dismissal with prejudice."]

Defendant is not disputing that a government entity can be held vicariously liable for the acts of its employees, which appears to be what Plaintiff believes Defendant is arguing. Defendant is simply asserting that four of Plaintiff's causes of actions, brought independently against the City <u>must</u> be dismissed because there is no independent cause of action for vicarious liability against a City. As Plaintiff's FAC currently stands, her improper independent causes of action for vicarious liability are also redundant to every tort cause of action brought against the individual defendants. Should this Court grant Plaintiff leave to amend, Plaintiff must properly plead vicarious liability within the causes of actions already stated against the individual defendants, for those claims she believes the City is vicariously liable for.

### III. CONCLUSION

Based on Defendants Motion and the foregoing Reply, Defendants are entitled to FRCP 12(c) Judgment on the Pleadings, and Defendants' Motion should be granted in full.

Dated: July 19, 2017

McNAMARA, NEY, BEATTY, SLATTERY, BORGES & AMBACHER LLP

By: /s/ Amy Rothman
Noah G. Blechman
Amy S. Rothman
Attorneys for Defendant
City of Concord

DEFENDANT'S REPLY IN SUPPORT OF FRCP 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS, C15-05244 TEH     10