United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSAMANDA FLORES,

    Plaintiff,

    v.

THE CITY OF CONCORD, et al.,

    Defendants.

Case No. 15-cv-05244-PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR JUDGMENT ON THE PLEADINGS, WITH LEAVE TO AMEND**

Re: Dkt. No. 65

Defendants' motion for judgment and/or partial judgment on the pleadings came on for hearing before this court on August 23, 2017. Plaintiff Rosamanda Flores appeared through her counsel, Stanley Goff . Defendant the City of Concord appeared through its counsel, Amy Rothman and Noah Blechman. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion IN PART, and DENIES the motion IN PART, for the reasons stated on the record at the hearing.

In particular, the motion is DENIED with respect to the state law tort claims against the City of Concord, the assault claim, and the Bane Act claim. With respect to defendant's arguments concerning the amended complaint's "integral participation" and "failure to intervene" allegations, the motion is GRANTED WITH LEAVE TO AMEND. As to the "integral participation" theory, the complaint makes conclusory allegations that Officers Tucker and Davis assisted in the alleged excessive force and unlawful arrest, but it does not provide enough specific factual detail to plausibly allege that these officers had any fundamental involvement in alleged constitutional violations (beyond merely being at the scene). As to the "failure to intervene" theory, plaintiff cannot simultaneously

allege that Officers Halm and Kindorf used excessive force and failed to intervene against themselves, or that Officer Halm both made the false arrest and failed to prevent himself from doing so.  Although it is possible that failure-to-intervene claims could be stated against Officers Tucker and Davis with respect to the excessive force allegations (and against Officers Kindorf, Tucker, and Davis with respect to the false arrest), the current allegations lack sufficient specific factual detail regarding the officers' opportunity and ability to intercede.

However, the court will grant plaintiff leave to amend her complaint to attempt to correct these deficiencies.  A second amended complaint shall be filed with the court on or before **September 20, 2017.**  Defendants shall file their response 21 days thereafter.  If another Rule 12 motion is filed, the court shall decide the matter on the papers.  No new claims or parties shall be added without consent of the defendants or leave of court, and plaintiff is warned that the court will not permit further amendment at this late stage in the case.  The case management conference set for September 21 and all other dates are hereby VACATED, and will be reset after the pleadings are settled.

**IT IS SO ORDERED.**

Dated: August 24, 2017

_____
PHYLLIS J. HAMILTON
United States District Judge