United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROSAMANDA FLORES,

    Plaintiff,

    v.

THE CITY OF CONCORD, et al.,

    Defendants.

Case No. 15-cv-05244-PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order.

I.    <u>MOTIONS IN LIMINE</u>

    A.    Plaintiff's Motion in Limine No. 1

Plaintiff's first motion in limine to exclude all evidence regarding plaintiff's November 6, 2016 arrest by the Concord Police Department ("CPD") and related lawsuit is DENIED. Evidence related to that incident and the subsequent lawsuit is relevant and admissible to show that plaintiff and certain witnesses might be biased against the defendants. It is also admissible because it is relevant to plaintiff's claim for emotional distress damages. However, it is not admissible to show plaintiff's habit of or propensity to engage in conduct similar to that at issue in this case.

    B.    Plaintiff's Motion in Limine No. 2

Plaintiff's second motion in limine to exclude all evidence regarding plaintiff's January 30, 2015 interaction with the CPD is DENIED without prejudice to the objection being raised again at trial.

    C.    Plaintiff's Motion in Limine No. 3

Plaintiff's third motion in limine to exclude all evidence regarding plaintiff's May 10, 2015 interaction with the CPD is DENIED without prejudice to the objection being raised again at trial.

D. Plaintiff's Motion in Limine No. 4

Plaintiff's fourth motion in limine to exclude all evidence regarding plaintiff's August 11, 2013 interaction with the CPD is GRANTED.

E. Plaintiff's Motion in Limine No. 5

Plaintiff's fifth motion in limine seeks "an order preventing the defendants from introducing certain improper character evidence at trial." That motion is DENIED. First, no evidence has been identified by plaintiff. Second, evidence that would otherwise be inadmissible character evidence might be admissible for other issues, such as damages or bias. During trial, plaintiff may raise an objection to particular pieces of evidence.

F. Defendants' Motion in Limine No. 1

Defendants' first motion in limine to exclude all evidence or argument criticizing the officer-defendants' entrance into the home at 1320 Mesa St. is DENIED. However, witnesses will not be permitted to testify or opine on the legality or illegality of the officer-defendants' entrance into the home. Defendants' related request for an instruction that the officer-defendants' entrance was legal is DENIED. The court will, however, instruct the jury that the officer-defendants' entry into the home is not an issue in this case. If defendants wish such an instruction to be read, they should submit a proposed instruction to the court by October 4, 2018.

G. Defendants' Motion in Limine No. 2

Defendants' second motion in limine to exclude all criticisms regarding the officer-defendants' interaction with non-parties during the incident at issue in this action is DENIED. Depending on how the evidence is presented, the court will consider instructing the jury that the officer-defendants' contact with other witnesses is not an issue in this case. If defendants wish the court to consider providing such an instruction, they should submit a proposed instruction to the court by October 4, 2018.

H. Defendants' Motion in Limine No. 3

Defendants' third motion in limine to exclude all evidence regarding any "objectionable" personnel or background information, as well as citizen complaints, lawsuits, etc. involving the officer-defendants or officer-witnesses is DENIED without prejudice. As defendants have not actually pointed to any specific evidence they wish to exclude, the court has no basis on which to issue a definitive ruling on the motion. If the issue arises during trial then defendants may renew their objection at that time.

I. Defendants' Motion in Limine No. 4.

Defendants' fourth motion in limine to exclude plaintiff's police practices expert, Roger Clark, from testifying entirely or, in the alternative, to exclude Clark from testifying about his five opinions disclosed in his Rule 26 report is GRANTED in part. The court GRANTS defendants' motion to exclude Clarks' five opinions for the following reasons:

> Opinion 1. This opinion states that if plaintiff's version of the facts is true, then the officer-defendants used excessive force and violated the law. That is a legal conclusion and usurps the jury's role as the trier of fact.
>
> Opinion 2. This opinion states that if plaintiff's version of the facts is true, then defendant Kindorf "failed in his duty to intervene" and to prevent the other officer-defendants from using excessive force. That is a legal conclusion and usurps the jury's role as the trier of fact.
>
> Opinion 3. This opinion states that if plaintiff's version of the facts is true, then Officer Halm submitted a false police report and that in doing so he violated the law. That is a legal conclusion and not relevant to any issue in this case.

Moreover, those three legal conclusions are not contested by defendants, so Clark's testimony would not help the jury decide an issue it will be called upon to decide.

> Opinion 4. This opinion relates only to plaintiff's November 6, 2016 arrest. It is not relevant to any issue in this case.
>
> Opinion 5. This opinion relates to whether the CPD should have conducted

3

a follow-up investigation into Officer Halm's conduct if plaintiff's version of the facts is true. Whether the CPD should have conducted a follow-up investigation is not relevant to any issue in this case.

The court also GRANTS defendant's motion to exclude Clark from testifying about whether plaintiff was falsely arrested. Clark's report provides no basis for that testimony.

If plaintiff wishes for Clark to testify, plaintiff must submit an offer of proof by September 27, 2018, that specifies the content of Clark's proposed testimony and how that proposed testimony is reflected in Clark's report which, apart from the 5 opinions, essentially summarizes the evidence and comments thereon. If plaintiff files the offer of proof, defendants' response, if any, must be filed by October 4, 2018. If plaintiff does not file an offer of proof, then Clark will be excluded from testifying entirely.

II. VOIR DIRE

As discussed at the pretrial conference, the parties submitted far too many proposed voir dire questions and many of the proposed questions were repetitive or inappropriate. The court will prepare a jury questionnaire consisting of approximately 25-30 questions that incorporates some of the parties proposed questions. The court will distribute the questionnaire to counsel prior to the commencement of trial. The court will conduct the voir dire. After the court's questioning, each side shall have fifteen minutes to question the panel, but may not use that time to argue their case.

The court will empanel eight jurors. Each side shall have three peremptory challenges.

III. VERDICT FORM.

The parties are ordered to meet and confer and file a new proposed joint verdict form no later than October 4, 2018. As discussed at the pretrial conference, the new proposed verdict should be substantially simpler, include headings that correspond to each cause of action, tick boxes (or something similar) that allow the jury to easily indicate how it finds for each defendant, and the verdict questions pertaining to non-economic damages should precede the verdict questions pertaining to punitive damages.

4

The proposed verdict form shall include the three "Factual Issues" questions that the parties agreed on. Plaintiff's fourth proposed question calls for a legal conclusion and is properly covered in later sections of the verdict form. In addition, the first "Factual Issues" question reads "Do you find that Plaintiff Flores suffered facial injuries which were apparent when officers first arrived on scene." As discussed below, the parties should ensure that that question does not conflict with any stipulated fact provided to the jury.

IV. JURY INSTRUCTIONS

The court commends the parties for their work agreeing on the jury instructions. With the modifications discussed below, the parties joint set of instructions, subject to alteration at the charge conference, will be used by the court.

1. The court reinserts NCMJI 1.16.
2. The court deletes NCMJI 2.16 because the court does not allow the jury to review electronic evidence in the jury room.
3. As discussed during the pretrial conference, the parties are directed to meet and confer about NCMJI 9.3 and rework the instruction with the goal of making it easier to understand.
4. As discussed during the pretrial conference, the parties should insert a sentence that explains why the NCMJI 9.23 instruction includes a description of the state law crime of domestic battery.
5. As discussed during the pretrial conference, the special instruction on the "Right To Use Force To Effect Arrest" should come after CACI 1305—Battery By Peace Officer. In addition, the parties should endeavor to combine the two instructions where possible to reduce repetition.

The parties shall file a blind copy of the revised jury instructions by October 4, 2018.

V. STIPULATED FACTS

The parties shall meet and confer about whether any stipulated facts will be provided to the jury. The parties shall also meet and confer about how the jury will

receive those stipulated facts, for example, will the stipulated facts be read into the record or provided to the jury on a handout.  Lastly, as discussed at the pretrial conference, if the parties intend to include a stipulated fact about whether plaintiff's nose was bleeding before officers ever arrived on the scene, then that stipulated fact should be clarified.  As currently written, see Dkt. 95 at 5, it conflicts with disputed fact number 2, see id. at 6, and inserts ambiguity into the first question of the "Factual Issues" section on the verdict form, see, e.g., Dkt. 105 at 1.

No later than October 4, 2018, the parties shall file a list of stipulated facts, if any, and a proposal for providing those facts to the jury.  If the parties cannot agree on a list of stipulated facts, then the parties shall file a notice to that effect by the same deadline.

## VI. TRIAL SCHEDULE AND TIME LIMITS

The duration of the trial shall be 6 days commencing Monday, October 22, 2018, (Monday, Tuesday, Thursday, and Friday, from 8:30 a.m. to 1:30 p.m., with two 15 minute breaks each day).  Jury selection will occur on the first day, as will opening statements and as much of the presentation of evidence as possible by 4:00 p.m.  Excluding the first day, there will be 22.5 hours of trial time, of which each side will be allotted 11.25 hours.  A parties' time includes all direct and cross-examination but does not include closing arguments.  Final jury instructions and deliberations are also not included within the 22.5 hours.

## VII. REMAINING CLAIMS

During the pretrial conference, plaintiff dismissed all but four causes of action. The following causes of action remain:

| CoA (#) and Name | Defendant |
| --- | --- |
| (1) 4th Amendment, Excessive Force | Directly: Officers Halm and Tucker |
|  | Integral Participation: Sergeant Kindorf |
| (2) 4th Amendment, False Arrest | Officer Halm |
| (3) Battery | Officers Halm and Tucker |
| (7) Bane Act, Cal. Civil Code § 52.1 | Officers Halm and Tucker |

During the pretrial conference, plaintiff asserted that the third and seventh causes of action, the state law claims, are also asserted against Sergeant Kindorf under an integral participation theory. Plaintiff, however, could not provide any legal support for that argument. Plaintiff may submit a brief of no more than 3 pages by September 27, 2018, in support of that argument. Defendants' response, if any, must be filed by October 4, 2018, and should also not exceed 3 pages. Unless plaintiff's argument convinces the court otherwise—and the court issues an order to that effect—plaintiff may not argue that causes of actions 3 or 7 apply to Sergeant Kindorf.

## VIII. FINAL COMMENTS

If a party intends on using a PowerPoint presentation or other demonstrative, it must be provided to opposing counsel the day before. However, PowerPoint presentations and demonstratives intended to be used on the first day of trial, October 22, 2018, shall be provided to opposing counsel before Sunday, October 21, 2018—i.e., Saturday night. The same deadlines apply to the parties' disclosure of witnesses they intend to call each day in support of their case in chief.

Relatedly, despite defendants' reservation to the contrary, neither party may call any witness that does not appear on its witness list. That, of course, does not apply to rebuttal witnesses or witnesses called solely for impeachment purposes.

**IT IS SO ORDERED.**

Dated: September 7, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge