UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSAMANDA FLORES,<br>    Plaintiff,<br>v.<br>THE CITY OF CONCORD, et al.,<br>    Defendants. | Case No. 15-cv-05244-PJH<br><br>**SUPPLEMENTAL PRETRIAL ORDER** |

The court issued its "Final Pretrial Order" on September 7, 2018. That order, inter alia, required the parties to revise several pretrial papers and also set an abbreviated briefing schedule on two issues raised during the pretrial conference. Dkt. 115 ("Pretrial Order"). Those two issues are now fully briefed. After careful consideration of the parties' arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**A.    Integral Participation**

"During the pretrial conference, plaintiff asserted that the third and seventh causes of action, the state law claims, are also asserted against Sergeant Kindorf under an integral participation theory." Pretrial Order at 7. Because plaintiff could not provide any legal support for that theory during the pretrial conference, the court provided plaintiff leave to file a brief in support. Plaintiff has failed to do so. In fact, plaintiff's submission does not even attempt to show that the integral participant theory can be applied to state law claims. Instead, plaintiff argues that Officer Kindorf can "be held liable for aiding and abetting" the other defendants' alleged commission of the state law violations.

There are at least two reasons why that sleight-of-hand fails. First, though a

plaintiff need not allege every theory of liability in its complaint, nothing in the Second Amended Complaint put defendants on notice that plaintiff intended on pursuing the newly-revealed aiding and abetting theory. Indeed, plaintiff's SAC affirmatively alleged certain theories of indirect liability—integral participation and failure to intervene—while failing to mention the aiding and abetting theory of indirect liability. Second, plaintiff's untimely reveal on the eve of trial is far from harmless. The required showing to succeed under an "integral participation" theory is not equivalent to the showing required to succeed under an "aiding and abetting" theory. Compare Casey v. U.S. Bank National Ass'n, 127 Cal. App. 4th 1138, 1144 (2005) (aiding and abetting); CACI 3610 ("Aiding and Abetting Tort" model jury instruction) to Aguilar v. City of Concord, No. 16-CV-01670-LB, 2017 WL 3895715, at *3 (N.D. Cal. Sept. 5, 2017) (integral participation). Plaintiff's untimely change in theory—revealed for the first time after the final pretrial conference—has deprived defendants of the opportunity to take responsive discovery and generally defend against the allegation.

Accordingly, the court's prior order barring plaintiff from bringing her two state law claims against Officer Kindorf stands.

## B. Plaintiff's Proposed Expert Testimony

The Pretrial Order granted defendants' motion to exclude Clark from testifying as to the five opinions disclosed in his expert report and as to whether plaintiff was falsely arrested. Rather than excluding Clark from testifying entirely, the court provided plaintiff with an opportunity to propose testimony, supported by Clark's expert report, that would be admissible and relevant.

Plaintiff contends that Clark should be allowed to testify about

> the spectrum of levels of force available to police in general and the Defendants in particular, under standard police training and procedure, the concepts of active and passive resistance under standard police training and procedure, when a criminal suspect is being cooperative and offers no resistance, use of devices to secure compliance and ultimately gain control of the situation, facts to be considered in making a force decision, without the exclusion of certain items of information.

2

Dkt. 117 at 7.[1]

Defendants respond that that testimony is irrelevant because neither party contends that plaintiff resisted arrest. Defendants further argue that Clark's testimony is also irrelevant because this action turns exclusively on whether the jury believes the defendant-officers' version of events or plaintiff's version of events—Clark's testimony about the appropriate use of force does not make either story more or less likely.

Plaintiff's request is GRANTED in part and DENIED in part.

Clark may testify about the "the spectrum of levels of force available to police <u>in general</u> . . . under standard police training and procedure," "the concepts [and spectrum] of active and passive resistance under standard police training and procedure," <u>see id.</u>, and how a "subject['s] resistance/actions to an arrest [should] determine the type of force used by" law enforcement. <u>See</u> Dkt. 91-1 at 24 (Clark's Expert Report) (discussing and setting forth spectrum of types of resistance and the appropriate corresponding amount of force); <u>see, e.g.</u>, <u>Jimenez v. City of Chicago</u>, 732 F.3d 710, 721–22 (7th Cir. 2013) (discussing that such testimony provides the jury with "a baseline to help evaluate whether a defendant's [alleged] deviations" constituted a violation of "plaintiff's constitutional rights"). If the court could be assured that the jury would hear no evidence suggesting that plaintiff resisted arrest, then the court would agree with defendants that Clark's testimony would be irrelevant. However, the court does not and cannot know what the parties' witnesses will testify to at trial. If the jury hears evidence that implies or leads to the inference that plaintiff resisted arrest, then the above-described expert testimony will be relevant and helpful to the jury's final determination. Accordingly, that part of plaintiff's request is GRANTED.

Clark, however, may <u>not</u> testify about whether "the defendants' conduct comported with applicable procedures and policies on the day of the incident." Other than its overlap

---

[1] Plaintiff also contends that Clark should be allowed to testify about the "two extraordinary powers" that the "Criminal Justice system gives law enforcement" and that the source of those powers is the "will and consent of the people." <u>See</u> Dkt. 117 at 5 (quoting Dkt. 97-1 at 23-24 (Clark's Expert Report)). Defendants made no objection to that testimony. The court GRANTS that request.

3

with the previously excluded opinions, that is an entirely new opinion that defendants did not have the opportunity to test during discovery.

**C.     Other Matters**

The court again commends the parties for their work revising the jury instructions and the verdict form, and for reaching a set of stipulated facts.  Other than the court's single modification to the jury instructions, <u>see</u> "1.5 Claims and Defenses," and subject to alteration at the charge conference, the submitted pretrial papers will be used by the court.  The court will also use defendants' proposed limiting instructions.

The modified jury instructions and the court's jury questionnaire are attached to this order.

**IT IS SO ORDERED.**

Dated: October 9, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge